Kevin D. McCullough
State Bar No. 00788005
Kathryn G. Reid
State Bar No. 24068126
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
kdm@romclaw.com
kreid@romclaw.com

GENERAL COUNSEL FOR
SHAWN K. BROWN, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| MFF DCK, LLC, *et. al.*,[1] | § | Case No. 17-40850-rfn7 |
| | § | |
| Debtors | § | Jointly Administered |

**TRUSTEE'S MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT PURSUANT TO RULE 9019**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE **ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., ROOM 147, FORT WORTH, TX 76102-3643** BEFORE CLOSE OF BUSINESS ON **FRIDAY, JULY 6, 2018,** WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING

---

[1] The Debtors and their respective case numbers are as follows: MFF DCK, LLC (Case No. 17-40850-rfn7); My Fit Foods California, LLC (Case No. 17-40853-mxm7); My Fit Foods Oklahoma, LLC (Case No. 17-40855-mxm7); Fit Dog, LLC (Case No. 17-40857-rfn7); Rojo Pedro, LLC (Case No. 17-40859-rfn7); My Fit Dallas, LLC (Case No. 17-40860-mxm7); My Fit Foods, LLC (Case No. 17-40861-rfn7); My Fit Foods Payroll, LLC (Case No. 17-40863-mxm7); My Fit Foods Arizona, LLC fka MFF Dallas South, LLC (Case No. 17-40864-mxm7); MFF South Houston, LLC (Case No. 17-40865-rfn7); My Fit Foods Colorado, LLC (Case No. 17-40866-mxm7); Chita Dog, LLC (Case No. 17-40867-rfn7); My Fit Nation, LLC (Case No. 17-40868-mxm7); My Fit Foods Illinois, LLC (Case No. 17-40869-rfn7); My Fit Foods Nevada, LLC fka MFF Longhorns (Case No. 17-40871-rfn7); My Fit Foods USA, LLC fka Mendias & Milton, LLC (Case No. 17-40872-mxm7); MFF Hillbird, LLC (Case No. 17-40873-rfn7).

PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE RUSSELL F. NELMS,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Shawn K. Brown, as Chapter 7 Trustee in the above-referenced bankruptcy cases (the "Trustee") and files his *Motion for Approval of Settlement Agreement Pursuant to Rule 9019* (the "Motion"), and in support of the Motion respectfully states as follows:

## I.    JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.§157(b)(2)(A), (B) and (O).  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate is 11 U.S.C. § 105 and Bankruptcy Rule 9019.

## II.    STATEMENT OF FACTS[2]

3. On March 3, 2017 (the "Petition Date"), the above-named debtors (the "Debtors") each commenced a case by filing voluntary petitions for relief under Chapter 7, thereby initiating these cases (the "Bankruptcy Cases").  Shawn K. Brown was appointed as Chapter 7 Trustee (the "Trustee") in all of the Bankruptcy Cases.

4. Prior to the Petition Date, the Debtors were in the business of making and selling single-serving, pre-made healthy meals in the retail market.  At their peak, the Debtors operated more than 50 retail locations in five states, and in 2015 had opened a central kitchen facility at

---

[2] This section contains Trustee's allegations of background facts and should not be construed as admissions of facts made or agreed to by the parties to the contemplated settlement agreements.

TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT PURSUANT TO RULE 9019 – PAGE 2 OF 7

15600 Trinity Boulevard, Fort Worth, Texas, where meal prep was performed.

5. The filing of the Bankruptcy Cases was precipitated by a lawsuit[3] filed by three produce vendor creditors, Hardie's Fruit & Vegetable Co., LP, Family Tree Produce, Inc., and Stern Produce Company, Inc. (collectively, the "PACA Creditors"), who asserted claims against the Debtors and others pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*.

6. Once the Bankruptcy Cases were filed, the Debtors were dropped from the PACA Lawsuit, but the PACA Creditors continued to pursue certain of the Debtors' current and former officers and owners, including My Fit Holdings, LLC, David Goronkin, Marlin MFF, LP, Joseph Roark, Daryl Ribiero, Enterprise Management Advisors, LLC and George Blanco (the "PACA Litigation Defendants").

7. In the Bankruptcy Cases, the PACA Creditors filed a *Motion for Allowance and Immediate Payment of PACA Trust Claims* (the "PACA Turnover Motion") [Dkt. No. 78], seeking the turnover of alleged trust funds from the Debtors' estates in the amount of $419,435.73. The PACA Turnover Motion was problematic because the amount in dispute accounted for the bulk of the estate funds, which, if paid, would leave little to nothing to administer the cases and make distributions to other creditors. Of the seventeen Debtors, only five have assets, and the Trustee was only holding approximately $450,000.00 in the estates of MFF DCK, LLC, Fit Dog, LLC, My Fit Foods, LLC, My Fit Foods Payroll, LLC and My Fit Foods USA, LLC.[4]

8. The Trustee has now settled with the PACA Creditors and the PACA Litigation Defendants in an arrangement where the PACA Creditors will accept $300,000.00 to settle their

---

[3] *Hardie's Fruit & Vegetable Co., LP, et al. v. My Fit Holdings, LLC, et al.*, N.D. Tex. Case No. 3:17-cv-00460-N (filed Feb. 17, 2017) (the "PACA Lawsuit").
[4] The Court has already approved, and the Trustee has paid, certain out-of-pocket administrative expenses related to the auctions and the transportation and storage of corporate records.

claims, and the PACA Litigation Defendants will contribute $140,000.00 of that amount so that the Trustee's contribution from the estates is only $160,000.00. This claim reduction and the payment structure allows funds to remain in the estates so that the Trustee can continue with his administration.

9. The American Farm Bureau Federation ("AFBF") is the largest alleged (non-tax) secured creditor in these cases.[5] AFBF filed a proof of claim in 14[6] of the 17 Bankruptcy Cases, therein asserting secured claims against each of those Debtors in an amount not less than $1,072,657.00 (the "AFBF Claims"). Now that the PACA settlement has been approved and finalized, and the Trustee has funds to continue to administer the estates, he wishes to proceed by first settling and compromising the AFBF Claims in order to relieve the estates from the largest secured claim behind the PACA claims.

10. As a result of negotiations between the Trustee and AFBF, the parties have reached an arms-length settlement which fully and finally resolves the AFBF Claims in full for the consideration of $10,000.00 plus mutual releases.

### III. RELIEF REQUESTED

11. The Trustee respectfully requests that this Court enter an order approving the settlement between the Trustee and AFBF pursuant to Bankruptcy Rule 9019 and as set forth in that certain Settlement and Release Agreement (the "Settlement Agreement") attached hereto as Exhibit A and incorporated herein for all purposes.

---

[5] Marlin MFF, L.P. is the other secured creditor with claims of an equally significant size of over $1 million, but Marlin MFF, L.P. is waiving its claims as part of the PACA settlement.

[6] Claim No. 38 in MFF DCK, LLC; Claim No. 5 in My Fit Foods California, LLC; Claim No. 1 in My Fit Foods Oklahoma, LLC; Claim No. 18 in Fit Dog, LLC; Claim No. 1 in Rojo Pedro, LLC; Claim No. 2 in My Fit Dallas, LLC; Claim No. 19 in My Fit Foods, LLC; Claim No. 5 in My Fit Foods Payroll, LLC; Claim No. 3 in My Fit Foods Arizona, LLC fka MFF Dallas South, LLC; Claim No. 1 in MFF South Houston, LLC; Claim No. 1 in Chita Dog, LLC; Claim No. 3 in My Fit Foods Illinois, LLC; Claim No. 44 in My Fit Foods USA, LLC fka Mendias & Milton, LLC; Claim No. 1 in MFF Hillbird, LLC.

12. The Settlement Agreement provides for the withdrawal of the AFBF Claims in consideration of $10,000.00. The parties have also agreed to full mutual releases. Given the significant amount of the AFBF Claims, the Trustee believes the interests of creditors are better served by the Settlement Agreement, which provides for a substantial reduction in the amount sought by AFBF.

### IV. BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 9019 grants a court the authority to approve a compromise or settlement after notice and a hearing. FED. R. BANKR. P. 9019. Under this authority, courts have routinely approved compromises and settlements that minimize litigation and benefit the bankruptcy estate. *See In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005) (stating "[o]ne of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves"); *see also Marandas v. Bishop* (*In re Sassalos*), 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy"). Whether to approve or deny a compromise involving the bankruptcy estate is committed to the discretion of the court; an appellate court will reverse only when that discretion has been abused. *In re Jackson Brewing Co.,* 624 F.2d 599, 602-03 (5th Cir. 1980).

14. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

   a. the probability of success on the merits and the resolution of the dispute;

   b. the complexity of the litigation being settled;

   c. the expense, inconvenience, and delay associated with litigating the dispute; and

   d. the paramount interests of creditors.

*Conn. Gen. Life Ins. Co. v. United Companies Fin. Corp.* (*In re Foster Mortgage Corp.*), 68 F.3d 914, 917 (5th Cir. 1995); *see also Jackson Brewing*, 624 F.2d at 602 (*citing Protective Comm. for*

*Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)).

15. When considering these factors, a court should determine whether the settlement is "fair and equitable" as a whole instead of focusing on one factor in particular. *Jackson Brewing Co.,* 624 F.2d at 602. Finally, settlements should be allowed unless they fall below the lowest point of the range of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983); *see also In re Nw. Corp.*, 2004 WL 1661012 at *3 (Bankr. D. Del. July 23, 2004).

16. Applying the foregoing standards, this Court's approval of the Settlement Agreement and the terms set forth therein is warranted under the circumstances. This compromise was reached through arm's length negotiations, and significantly reduces secured claims that otherwise have the potential to deplete the remaining estate funds. The settlement also saves the administrative costs should the Trustee have to object to the AFBF Claims, and even if a claim objection proceeding against AFBF was successful, it would cost more than $10,000 to prosecute. So in his reasoned business judgment, the Trustee believes that the proposed Settlement Agreement is fair and equitable, and serves the best interests of creditors in these Bankruptcy Cases.

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully requests that the Court enter an order (i) granting the Motion; (ii) approving the Settlement Agreement; and (iii) granting such other and further relief as may be deemed just and proper..

Date: June 15, 2018.

Respectfully submitted,

By:*/s/ Kathryn G. Reid*
Kevin D. McCullough
State Bar No. 00788005
Kathryn G. Reid
State Bar No. 24068126
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: 214-953-0182
Facsimile: 214-953-0185
kdm@romclaw.com
kreid@romclaw.com

GENERAL BANKRUPTCY COUNSEL FOR
SHAWN K. BROWN, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the attached service list via the Court's ECF system and/or via U.S. Mail on June 15, 2018.

/s/*Kathryn G. Reid*
Kathryn G. Reid